UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABDULLAH DOST,

                Petitioner,

    v.

PAMELA BONDI, et al.,

                Respondents.

Case No. 2:26-cv-00750-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Abdullah Dost is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. He petitions the Court under 28 U.S.C. § 2241 for relief from physical custody, arguing that his detention has become indefinite in violation of the Immigration and Nationality Act ("INA"). Dkt. 1. For the reasons stated below, the Court GRANTS the petition.

## I.    BACKGROUND

Petitioner is a citizen of Afghanistan who fled the country in 2024 to avoid being drafted by the Taliban and entered the United States without inspection on December 10, 2024. Dkt. 1 at 6; Dkt. 8 ¶ 3. After being apprehended by the U.S. Border Patrol that same day, Petitioner has been continuously detained by immigration authorities. *Id*. ¶ 3; Dkt. 1 at 6.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Petitioner received a credible fear interview on January 16, 2025, where U.S. Citizenship and Immigration Services (USCIS) determined he had a credible fear of return to Afghanistan. *Id*.; Dkt. 8 ¶ 4. Petitioner was nevertheless charged as removeable and he filed claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") while detained in Jena, Louisiana. *Id*. ¶¶ 5–6. At a merits hearing on July 29, 2025, Petitioner withdrew his immigration claims and requested voluntary departure. *Id*. ¶ 7. The Immigration Judge ("IJ") denied voluntary departure and ordered Petitioner removed to Afghanistan. *Id*. Petitioner was then transferred to NWIPC on October 4, 2025. *Id*. According to Respondents, Petitioner has a valid passport but U.S. Immigration and Customs Enforcement ("ICE") "has not been able to effect petitioner's removal to Afghanistan at this time." *Id*. ¶ 9.

Petitioner argues that his detention has become indefinite because there is no likelihood of his removal to Afghanistan. Dkt. 1 at 7. He also claims that Respondents have engaged in a scheme of punitive removal to third countries "without providing fair notice and an opportunity to contest the removal in immigration court." *Id*. at 16. Petitioner asks that the Court release him from custody and enjoin Respondents from re-detaining him or removing him to a third country without certain procedural protections. *Id*. at 13–20, 25. The government responded on March 19, 2026, declining to contest Petitioner's indefinite detention argument but objecting to his requests for further injunctive relief. Dkt. 7. Petitioner replied on March 24, 2026. Dkt. 9.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

In *Zadvydas v. Davis*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens[1] subject to final orders of removal. 533 U.S. 678, 699 (2001). Applying the doctrine of constitutional avoidance, the Court explained that such an interpretation was necessary "to avoid a serious constitutional threat." *Id.* As the Court recognized, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* The Court concluded that, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

Additionally, the federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). A plaintiff seeking a permanent injunction must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). To demonstrate that ongoing relief is needed, the party seeking a permanent injunction must establish "some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v.*

---

[1] "This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

*W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman*, 977 F.3d at 942 (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

### III.    DISCUSSION

**A.    Petitioner's detention has become indefinite.**

Petitioner is a noncitizen detained within the United States for fifteen months. Dkt. 1 at 3. He is entitled to the protections of the Due Process Clause. *See Zadvydas*, 533 U.S. at 693. Having been detained already for eight months after an IJ ordered his removal, Dkt. 8 ¶ 7, Petitioner's continued detention is not "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. And Petitioner's evidence showing that (1) ICE "has not been able to effect Petitioner's removal to Afghanistan at this time," Dkt. 8 ¶ 9; and (2) "no action" has been taken to deport Petitioner to a third country "despite his initial receptiveness to such a removal," Dkt. 1 at 6–7, "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The burden thus shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. But Respondents "do not present argument on the ultimate lawfulness of Petitioner's current detention." *See* Dkt. 7 at 1. Effectively conceding this issue, the government fails to rebut Petitioner's showing that his detention has become indefinite. The Court therefore GRANTS the petition for writ of habeas corpus. Dkt. 1.

**B.    The Court denies Petitioner's request for further injunctive relief.**

*1.    Petitioner has not shown that he is at risk of removal to a third country.*

In addition to his immediate release on his habeas petition, Petitioner asks the Court to restrict Respondents' ability to remove him to an unknown third country. Dkt. 1 at 13–19.

Specifically, Petitioner requests an order that "Respondents may not remove or seek to remove Petitioner to a third country without notice and meaningful opportunity to respond in compliance with the [INA] and due process in reopened removal proceedings." *Id*. at 25. He argues that such an order is necessary because "Respondents have developed and implemented a policy and practice of removing individuals to third countries, without first following the procedures in the INA for designation and removal to a third country and without providing fair notice and an opportunity to contest the removal in immigration court." *Id*. at 16.

While the petition contains legal argument challenging the government's third-country removal policies, it does not explain why *Petitioner* faces an individual likelihood of removal under those policies at this time. *See id*. at 13–19. Petitioner notes that he "has been asked multiple times about possibly accepting removal to a third country" and "expressed willingness to be deported to Columbia [sic]," but admits that "no action was taken to send him anywhere." *Id*. at 6–7, 21. The Court cannot conclude that "without an injunction, Petitioner faces a likelihood of removal to a third country with no meaningful opportunity to challenge that decision." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 737 (W.D. Wash. 2025).[2] This request for injunctive relief is therefore DENIED.

    2.    *Petitioner is not entitled to further protections against re-detention.*

Petitioner also requests an order that the government may not re-detain him unless it (1) holds a pre-deprivation hearing; (2) obtains a valid travel document "to Afghanistan or a suitable third country" for him; (3) provides the travel document to him and his counsel; and

---

[2] Petitioner also asks the Court to enjoin Respondents from "remov[ing] Petitioner to any third country where he is likely to face imprisonment or other punishment upon arrival." Dkt. 9 at 4 (citing *Nguyen*, 796 F. Supp. 3d at 732–35). This request fails for similar reasons. Although Petitioner describes other instances of punitive third-country deportations, he has not established a personal "cognizable danger" of removal to a third country where he is likely to face imprisonment or other punishment. *Cummings*, 316 F.3d at 897.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

(4) offers him the opportunity to leave on his own within two months. Dkt. 1 at 25. But the record does not contain sufficient argument or authority to establish that the Due Process clause will be violated in the absence of these specific procedures, particularly when any effort to re-detain Petitioner would be governed by the regulations set forth in 8 C.F.R. § 241.13. *See* Dkt. 1 at 11–13 (acknowledging that § 241.13 governs revocation of release for noncitizens subject to a final order of removal). The Court therefore DENIES these requests for injunctive relief. The Court also notes that, once he is released from custody based on this order, Petitioner may undertake his own effort either to return to Afghanistan or obtain travel documents and leave the United States for a country of his choice that will accept him.

## IV.    CONCLUSION

For these reasons, the Court GRANTS the petition for writ of habeas corpus but DENIES Petitioner's request for further injunctive relief without prejudice. Dkt. 1.

1. Respondents are ORDERED to release Petitioner Abdullah Dost from custody[3] within ONE day of this Order.

2. Counsel for Respondents shall submit a status report to the Court by the end of the day on April 1, 2026 confirming Petitioner's release.

Dated this 31st day of March, 2026.

Tiffany M. Cartwright
United States District Judge

---

[3] Subject to reasonable terms of supervision set forth in 8 U.S.C. § 1231(a)(3). *See* 8 U.S.C. § 1231(a)(6) ("[I]f released, [a noncitizen ordered removed] shall be subject to the terms of supervision in paragraph (3))."

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6